UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STANLEY ELIANOR,

        **COMPLAINT**

    Plaintiff,

  -against-

        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. LUIS MARTINEZ,
Shield No. 15063, Individually and in His Official Capacity,  **ECF CASE**
SERGEANT TROY LUIS, Shield No. 2372, Individually and in His
Official Capacity and P.O.s "JOHN DOE" #1-10, Individually
and in their Official Capacities, (the name John Doe being
fictitious, as the true names are presently unknown),

    Defendants.
-------------------------------------------------------------------X

  Plaintiff, STANLEY ELIANOR, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

  2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

  4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. LUIS MARTINEZ, SERGEANT TROY LUIS, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

13. On or about July 16, 2012, at approximately 12:40 a.m., plaintiff STANLEY ELIANOR was lawfully present as a passenger in a vehicle owned by Mr. Anthony Williams, in the vicinity of 69 Reid Avenue, in the County of Kings and State of New York.

14. Plaintiff was in the vehicle along with Mr. Williams and Mr. Williams' 3 year-old son.

15. At the afore-mentioned time and place, Mr. Williams inadvertently turned left onto Reid Street.

16. Thereafter, Mr. Williams tried to rectify his error, by reversing down Reid Street, in attempt to turn around.

17. While the car was in reverse, defendant police officers rushed to the car.

18. Defendant police officers then reached into the window, and turned the car off.

19. Defendant police officers pulled plaintiff STANLEY ELIANOR and Anthony Williams out of the vehicle.

20. Plaintiff STANLEY ELIANOR, fearful of being arrested while being on parole, proceeded to flee from defendant police officers.

21. While running, defendant police officers approached him with guns drawn, yelling "freeze, don't move!"

23. Plaintiff STANLEY ELIANOR immediately complied with this request.

24. Plaintiff STANLEY ELIANOR was then arrested.

25. The defendants thereafter searched plaintiff STANLEY ELIANOR, but did not

uncover any contraband or weapons.

26. Notwithstanding the lack of any evidence, defendants charged plaintiff STANLEY ELIANOR with Criminal Possession of a Weapon in the Second, Third, and Fourth Degree.

27. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the District Attorney's Office.

28. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

29. Specifically, defendant P.O. MARTINEZ maliciously and deliberately lied about his claim that he observed plaintiff STANLEY ELIANOR have a firearm in his waistband and witnessed plaintiff throw the firearm while in pursuit of plaintiff.

30. SGT. LUIS maliciously and deliberately lied about observing a firearm in plaintiff's waistband after a long interaction between himself and the parties inside the automobile.

31. At no time on May 4, 2013, did plaintiff STANLEY ELIANOR *ever* possess any weapons of any kind, let alone a firearm.

32. There were no fingerprints connecting plaintiff STANLEY ELIANOR to any firearm.

33. There was no DNA evidence connecting plaintiff STANLEY ELIANOR to any firearm.

34. There was no forensic evidence connecting plaintiff STANLEY ELIANOR to any firearm.

35. As a result of defendants perjurious and unlawful conduct, plaintiff STANLEY ELIANOR spent approximately fourteen (14) months in jail and made numerous court appearances to defend himself against the false charges against him.

36. On May 7, 2014 plaintiff STANLEY ELIANOR was found not guilty by a jury in a trial presided over by the Hon. William E. Garnett.

37. As a result of the foregoing, plaintiff STANLEY ELIANOR sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

40. All of the aforementioned acts deprived plaintiff STANLEY ELIANOR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, all

under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. As a result of defendants' aforementioned conduct, plaintiff STANLEY ELIANOR was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants misrepresented and falsified evidence before the District Attorney.

49. Defendants did not make a complete and full statement of facts to the District Attorney.

50. Defendants withheld exculpatory evidence from the District Attorney.

51. Defendants were directly and actively involved in the initiation of criminal proceedings against STANLEY ELIANOR.

52. Defendants lacked probable cause to initiate criminal proceedings against plaintiff STANLEY ELIANOR.

53. Defendants acted with malice in initiating criminal proceedings against plaintiff STANLEY ELIANOR.

54. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff STANLEY ELIANOR.

55. Defendants lacked probable cause to continue criminal proceedings against plaintiff STANLEY ELIANOR.

56. Defendants acted with malice in continuing criminal proceedings against STANLEY ELIANOR.

57. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

58. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff STANLEY ELIANOR's favor on May 7, 2014, when he was found not guilty by a jury.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" as if the same were more fully set forth at length herein.

61. Defendant police officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff STANLEY ELIANOR from being violated by other police officers in their presence.

62. Defendant police officers violated plaintiff STANLEY ELIANOR's constitutional rights in the presence of their police officer colleagues.

63. Defendant police officers had reason to know plaintiff's constitutional rights were being violated.

64. Defendant police officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, but failed to do so.

65. Notwithstanding this opportunity, defendant police officers failed to intervene to prevent the violations of plaintiff STANLEY ELIANOR's constitutional rights.

66. As a result of the foregoing, plaintiff STANLEY ELIANOR sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" as if the same were more fully set forth at length herein.

68. Defendants created false evidence against plaintiff STANLEY ELIANOR.

69. Defendants forwarded false evidence and false information to prosecutors in the

Bronx County District Attorney's Office.

70. In creating false evidence against plaintiff STANLEY ELIANOR, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

71. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The aforementioned individual defendants issued legal process to place plaintiff STANLEY ELIANOR under arrest.

74. The aforementioned individual defendants arrest plaintiff STANLEY ELIANOR in order to obtain a collateral objective outside the legitimate ends of the legal process.

75. The aforementioned individual defendants acted with intent to do harm to plaintiff STANLEY ELIANOR, without excuse or justification.

76. As a result of the foregoing, plaintiff STANLEY ELIANOR sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" as if the same were more fully set forth at length herein.

78. Defendants arrested and incarcerated plaintiff STANLEY ELIANOR in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

79. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

80. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, and the New York City Police Department, all under the supervision of ranking officers of said department.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff STANLEY ELIANOR.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STANLEY ELIANOR as alleged herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the moving force behind the

constitutional violations suffered by plaintiff STANLEY ELIANOR, as alleged herein.

84. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department, plaintiff STANLEY ELIANOR was incarcerated unlawfully for fourteen (14) months.

85. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff STANLEY ELIANOR.

86. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff STANLEY ELIANOR's constitutional rights.

87. All of the foregoing acts by defendants deprived plaintiff STANLEY ELIANOR of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

**WHEREFORE**, plaintiff STANLEY ELIANOR demands judgment in the sum of one million dollars ($5,000,000.00) in compensatory damages, one million dollars ($5,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
January 8, 2015

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

| | |
|---|---|
| INDEX NO. | YEAR |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STANLEY ELIANOR,

                              Plaintiff,

   -against-

CITY OF NEW YORK, P.O. LUIS MARTINEZ, Shield No. 15063, Individually and in His Official Capacity, SERGEANT TROY LUIS, Shield No. 2372, Individually and in His Official Capacity and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.

## SUMMONS AND COMPLAINT

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

Signature (Rule 130-1.1a)
_____

Print Name Beneath

To
Attorney(s) for    Defendants

Service of a copy of the within is hereby admitted.       Dated
_____

Attorney(s) for

PLEASE TAKE NOTICE

☐    <u>NOTICE OF ENTRY</u>

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on      20

☐    <u>NOTICE OF SETTLEMENT</u>

       that an order                                  of which the within is a true copy
       will be presented for settlement to the HON.           one of the judges of the
       within named Court, at
       on                    20        at

Dated,                                                                                  Yours, etc.